# United States Court of Appeals
## For the First Circuit
_____

No. 11-1792

UNITED STATES

Appellee

v.

BRIMA WURIE

Defendant - Appellant
_____

Before

Lynch, Chief Judge,
Torruella, Stahl, Lipez, Howard,
Thompson and Kayatta,
Circuit Judges.
_____

**ORDER OF COURT**
**Entered:  July 29, 2013**

Pursuant to First Circuit Internal Operating Procedure X(C), the petition for rehearing en banc has also been treated as a petition for rehearing before the original panel. The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and petition for rehearing en banc be denied.

-1-

**LYNCH, Chief Judge, statement on denial of rehearing en banc.** I vote to deny rehearing en banc not because the case does not meet the criteria for en banc review. It clearly does. Indeed, the issues are very important and very complex.

I vote to deny rehearing en banc because I think the preferable course is to speed this case to the Supreme Court for its consideration. There are two very able opinions from this court, and en banc review in this Court could not improve on their presentations of the issues.

The decision in this case creates a circuit split with respect to the validity of warrantless searches of cell phones incident to arrest. State courts similarly are divided. As the government points out, the differing standards which the courts have developed provide confusing and often contradictory guidance to law enforcement. Indeed, the highest court in the state which this case arose has taken a view of the law that is contrary to the decision in this case, leaving the police in need of further guidance.

Only the Supreme Court can finally resolve these issues, and I hope it will.

**HOWARD, <u>Circuit Judge</u>, statement on denial of rehearing en banc.** My view of this case has not changed since I dissented from the majority opinion. If anything, my dissent looks better in light of the Supreme Court's recent opinion in Maryland v.

King, 133 S. Ct. 1958 (2013), in which the Court held as constitutional Maryland's practice of swabbing violent-crime arrestees for DNA samples. The majority opinion, relying on the exact same language that I quoted in dissent, reaffirmed the core holding in United States v. Robinson, 414 U.S. 218 (1973) -- that the search of a person and items in his immediate control incident to an arrest requires no independent justification other than the arrest itself. King, 133 S. Ct. at 1971-72. Indeed, the dissent in King, while taking a more restrictive view of searches incident to arrest, still articulated a rule that likely would have permitted the search of Wurie's cell phone as a search for evidence of the crime he committed. Id. at 1982 (Scalia, J., dissenting) ("The objects of a search incident to arrest must be either (1) weapons or evidence that might easily be destroyed, or (2) evidence relevant to the crime of arrest."). This only strengthens my belief that the majority's rule is the only rule under which the search of Wurie's cell phone was unconstitutional. But that rule is simply without precedent.

For prudential reasons, however, I believe en banc rehearing is unnecessary. Ultimately this issue requires an authoritative answer from the Supreme Court, and our intermediate review would do little to mend the growing split among lower courts. Both the Florida Supreme Court and the Ohio Supreme Court have adopted a warrant requirement similar to the one the

majority found necessary in this case. See Smallwood v. State, 113 So. 3d 724 (Fla. 2013); State v. Smith, 920 N.E.2d 949 (Ohio 2009). Leaving aside these outliers (and make no mistake, we are now an outlier in this field), those courts in agreement on this issue have often reached the same conclusions relying on different reasoning. Compare United States v. Flores-Lopez, 670 F.3d 803, 809-10 (7th Cir. 2012) (looking at risk to officer safety and preservation of evidence), and United States v. Finley, 477 F.3d 250, 259-60 (5th Cir. 2007) (analyzing the issue as a matter of searching for evidence of the crime of arrest). Clearly, cell phones sit at the intersection of several different Fourth Amendment doctrines, and I suspect that each new case will result in a slightly different interpretation of how to treat these searches. Given this likely outcome, I welcome speedy resolution from the Supreme Court, and see no need to delay by reconsidering this case.

By the Court:

/s/ Margaret Carter, Clerk.

cc:
Dina Chaitowitz
Michael Dreeben
Kelly Lawrence
John Wortmann, Jr.
Ian Gold